1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

ARTURO DE CORDOVA, an
10 individual, and MARILYN A.
CORDOVA, an individual,
11
                                    NO. CIV. S-07-1067 LKK/EFB
12        Plaintiffs,

13    v.
                                         O R D E R
14 PACIFIC POINT FUNDING, INC.,
a California corporation,
15 PAUL MOFFITT, an individual,
TIMOTHY PETER VOLK, an
16 individual, HOMECOMINGS
FINANCIAL NETWORK, INC., a
17 Delaware corporation, and
DOES 1-10, inclusive,
18
          Defendants.
19 _____/

20        This case involves a dispute over the refinance of a mortgage.

21 Plaintiffs originally filed in state court, alleging a claim under

22 the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

23 2614, as well as various state law claims.   After defendant

24 Homecomings Financial removed the case, plaintiffs filed a first

25 amended complaint omitting the federal claim.   Pending before the

26 court is plaintiffs' motion to remand, as well as a motion to

                                    1

1    dismiss filed by defendants Pacific Point Funding, Paul Moffitt,

2    and Timothy Volk, and a motion to strike filed by Homecomings

3    Financial.

4        Under Ninth Circuit law, "jurisdiction must be analyzed on the

5    basis of the pleadings filed at the time of removal without

6    reference to subsequent amendments." Sparta Surgical Corp. v.

7    National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213

8    (9th Cir. 1998). Accordingly, "a plaintiff may not compel remand

9    by amending a complaint to eliminate the federal question upon

10   which removal was based." Id. Because the plaintiffs in the case

11   at bar simply omitted their RESPA claim in the amended complaint,

12   the court is not obligated to remand the case.

13       Nevertheless, the exercise of supplemental jurisdiction over

14   the remaining state claims is discretionary. The Ninth Circuit

15   employs a two-part test to determine whether it is appropriate for

16   a court to exercise its discretion in declining supplemental

17   jurisdiction. See Acri v. Varian Assocs. Inc., 114 F.3d 999 (9th

18   Cir. 1997) ("While discretion to decline to exercise supplemental

19   jurisdiction over state law claims is triggered by the presence of

20   one of the conditions in § 1367(c), it is informed by the *Gibbs*

21   values 'of economy, convenience, fairness, and comity.'"). First,

22   the court must determine whether the case falls under one of the

23   four enumerated bases for declining supplemental jurisdiction under

24   28 U.S.C. § 1367(c). Here, the case falls under the third basis

25   where all claims over which the court has original jurisdiction

26   have been dismissed. 28 U.S.C. § 1367(c)(3).

1    Second, the court must consider whether economy, convenience,
2    fairness, and comity will be served by exercising jurisdiction.
3    Here, with regard to economy, the court's involvement up to now has
4    been nonexistent.  The case was removed on June 4, 2007, and the
5    pending matters constitute the first motion practice before the
6    court.  Similarly, convenience does not appear to weigh in favor
7    of either retaining jurisdiction or remanding the case, given that
8    the state court action was filed in San Joaquin Superior Court.

9    Comity, however, weighs in favor of remand.  See United Mine
10   Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of
11   state law should be avoided [] as a matter of comity.").  Here, all
12   of plaintiffs' claims, including (1) breach of fiduciary duty, (2)
13   unfair business practices, (3) unjust enrichment, (4) breach of
14   oral agreement, and (5) fraud, arise under state law.

15   Defendants respond that two of these claims -- unfair business
16   practices and unjust enrichment -- turn on the allegation that the
17   loan involved "an illegal yield spread premium," which defendants
18   claim will require a finding that there was a RESPA violation.
19   Even assuming that this characterization is accurate, it does not
20   appear that California state courts are unfamiliar with RESPA
21   claims.  See, e.g., Byars v. SCME Mortgage Bankers, Inc., 109 Cal.
22   App. 4th 1134 (2003) (affirming grant of summary judgment on
23   deceptive business practice claim involving allegedly illegal yield
24   spread premium and RESPA).  Accordingly, a federal court would not
25   necessarily be more competent to adjudicate a state law claim that
26   indirectly alleged a RESPA violation.  Furthermore, plaintiffs'

1  remaining claims appear to turn on issues of purely state law.

2  This fact also suggests that declining to exercise supplemental

3  would be appropriate in the interests of comity.

4      Accordingly, the court GRANTS plaintiffs' motion to remand.

5      IT IS SO ORDERED.

6      DATED:  August 17, 2007.

7

8

9                      LAWRENCE K. KARLTON
                        SENIOR JUDGE

10                    UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4